

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38491 |
| | ) | |
| v. | ) | **Filed:** June 13, 2025 |
| | ) | |
| DAVID JOHN AINSWORTH, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable Michael O. Hendrickson, Judge

**AFFIRMED**

## Introduction

Following a bench trial, David John Ainsworth was convicted of driving without a valid license (a class E felony) and leaving the scene of a motor vehicle accident (a class A misdemeanor).[1]  In one point on appeal, Ainsworth argues there was insufficient evidence to support his conviction for driving without a license because the evidence did not demonstrate he was driving on a *public* road.  We find the evidence and its reasonable

---

[1] *See* §§302.020.1(1) and 577.060.  All statutory references are to RSMo Cum. Supp. (2022).  All Rule references are to Missouri Court Rules (2025).

available inferences are sufficient to conclude Ainsworth was driving on a public road. As such, we deny Ainsworth's point, and affirm the judgment of the trial court.

## Facts and Procedural History

It is uncontested in this appeal that Ainsworth backed into a parked car on a private drive at a residence outside of Pleasant Hope, Missouri. A surveillance camera at the scene recorded the accident. Ainsworth—alone—got out of his car, looked at the damage to Victim's parked vehicle for approximately two minutes, and then drove off. Authorities were alerted and approximately three hours after the incident, they found Ainsworth—again alone—with his car in a convenience store parking lot in Pleasant Hope. At that time, Ainsworth admitted to rear-ending Victim's vehicle, and said he had, in the interim, been attempting to fix the damage to his car and obtain money to repair Victim's vehicle.

Ainsworth was charged with driving without a valid license, and leaving the scene of an accident. Ainsworth waived his right to trial by jury, and following a bench trial (at which he presented no evidence), the trial court found him guilty of both offenses. The trial court sentenced Ainsworth to three years' imprisonment as to driving without a license and one year's imprisonment as to leaving the scene of an accident, with the sentences to be served concurrently.

In one point on appeal, Ainsworth challenges there was insufficient evidence to support his conviction for driving without a license, in that there was no evidence that he was driving on a public road.

2

**Standard of Review**

"When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." ***State v. Boyd***, 659 S.W.3d 914, 925 (Mo. banc 2023) (internal citation omitted). "In making that determination, great deference is given to the trier of fact, and an appellate court will not weigh the evidence anew." ***Id.*** (internal citation omitted). When determining whether the evidence presented was sufficient to support a conviction and withstand a motion for judgment of acquittal, the evidence and all reasonable inferences are viewed in the light most favorable to the outcome, and all contrary evidence and inferences are ignored. ***State v. Minor***, 648 S.W.3d 721, 736 (Mo. banc 2022). This Court however, cannot "supply missing evidence or give the state the benefit of unreasonable, speculative, or forced inferences." ***State v. Nowicki***, 682 S.W.3d 410, 418 (Mo. banc 2024) (internal citation omitted).

**Analysis**

Ainsworth argues there was insufficient evidence to support his conviction for driving without a license. He concedes he lacked a driver's license at the time of the events underlying the now challenged conviction, and that "Ainsworth struck the [Victim's] parked vehicle in a private driveway and left[,]" but suggests "the record contains no direct proof that [Ainsworth] ever drove on a *public* highway - an essential element of" the crime of driving without a license. (Emphasis added).

Section 302.020 sets out the crime of operating a vehicle without a license, and in relevant part directs: "[I]t shall be unlawful for any person . . . to . . . [o]perate any vehicle upon any highway in this state unless the person has a valid license[.]"

3

§ 302.020.1(1). "Highway" is defined as "any *public* thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways, or alleys in any municipality[.]" § 302.010(7) (emphasis added).

The credited testimony of law enforcement and Victim both reflected the contents of a video recording of the incident, wherein Ainsworth is seen backing up into Victim's car in Victim's private drive. Ainsworth could also be seen getting out of his car, looking at the damage to Victim's parked vehicle for approximately two minutes, and then driving off. It is undisputed Ainsworth was the driver of his vehicle at that time.

Testimony at trial further reflected that approximately three hours after the incident, law enforcement found Ainsworth—along with his damaged car—in the parking lot of a convenience store. Ainsworth admitted to crashing into Victim's car, and claimed that in the interim he was "at a friend's house fixing the damage on his vehicle, and he was attempting to go to an ATM or the bank" to pay Victim for repairs. Credited testimony from a police officer also reflected the only way Ainsworth's car could have reached the convenience store was via a public road.

To be clear, the State's case may be proven by direct evidence, circumstantial evidence alone, or a combination of the two. *See **State v. Roy***, 597 S.W.3d 710, 730 (Mo. App. S.D. 2020) ("Upon appellate review, circumstantial evidence is given the same weight as direct evidence and the fact finder may make reasonable inferences from the evidence presented.") (internal citation omitted).

As the United States Supreme Court has indicated:

Circumstantial evidence . . . is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a [factfinder] is asked to weigh the chances that the

4

evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference.  In both, the [factfinder] must use its experience with people and events in weighing the probabilities.

*Holland v. U.S.*, 348 U.S. 121, 140 (1954).

The evidence and its reasonable available inferences in this matter warrant the trial court's factfinding that Ainsworth drove on a public road.  Specifically, Ainsworth's sole control and possession over his vehicle at the time of the accident and subsequently at the convenience store parking lot, the close proximity in time between the accident and when he was apprehended, and the credited testimony at trial that Ainsworth would have to drive on a public road to reach the convenience store, are sufficient to support the inference that Ainsworth drove on a public road for purposes of sections 302.020.1 and 302.010(7).  *See Boyd*, 659 S.W.3d at 925.

## Conclusion

Ainsworth's sole point is denied.  The judgment of the trial court is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS